IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELETTA COLEMAN, | § | |
|   PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:21-CV-1493-E-BK |
| | § | |
| TODD COMBS, ET AL., | § | |
|   DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On June 25, 2021, Veletta Coleman, a Texas, resident, filed her fourth *pro se* complaint stemming from events related to a 2016 automobile accident and subsequent dealings. Doc. 3 at 1. In this action, she names as Defendants Todd Combs, Chief Executive Officer ("CEO") of Geico Insurance Company; Warren Buffett, CEO of Berkshire Hathway; Sarah-Renee Hollingsworth Garner, the driver of the other vehicle involved in the 2016 accident; Spencer Browne, an attorney, and the Law Office of Reyes, Browne and Reilly; C. Marsh, a Dallas Police Officer; and the City of Dallas  Doc. 3 at 1, 3-5.

Coleman complains Defendants engaged in a conspiracy to violate her rights. Doc. 3 at 1. She asserts "intentional breach" by the insurance company, "[i]ntentional bad faith . . .

[m]alicious delay of duty, good faith and fair dealings," and violation of the "Texas Insurance Code 541.060(a) prohibiting insurers from engaging in a variety of 'unfair settlement practices.'" Doc. 3 at 1. Coleman also sues generally for alleged violations of the Americans with Disability Act ("ADA") and attempts to charge criminal law violations, citing both 18 U.S.C. § 371 and 18 U.S.C. § 242. Doc. 3 at 2. Coleman seeks $15,000,000 in damages. Doc. 3 at 2.

In the *Civil Cover Sheet*, Coleman does not identify a jurisdictional basis for her complaint, but describes her cause of action as "[d]eprivation of rights under color of law; auto insurance fraud; Am. with Disability Act." Doc. 3 at 8. In the nature-of-suit section, Coleman checks multiple boxes, including ones for contract, torts, and civil rights. Doc. 3 at 8.

In the past three years, Coleman has filed three other actions related to the same 2016 automobile accident, and two of those were already dismissed for want of jurisdiction. *See Coleman v. Garner*, 3:18-CV-121-G-BH (N.D. Tex. July 8, 2020); *Coleman v. Garner*, 3:20-CV-2800-B-BN (N.D. Tex. May 25, 2021). In the third, filed May 29, 2021, Coleman names a number of the same Defendants as in this case and asserts different causes of action. *See Coleman v. Combs*, 3:21-CV-1235-B-BH (N.D. Tex.) (pending judicial screening).

Upon review, the Court concludes that subject matter jurisdiction is lacking here. Thus, this action should be dismissed *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter

jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Coleman's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Coleman has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 3 at 1-7. Coleman does not identify any constitutional or federal statutory violation. Her fleeting mention of conspiracy, civil rights, and ADA violations is insufficient invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (dismissing where plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and

was not "sufficient to support the exercise of federal question jurisdiction"); *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) (dismissing because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Moreover, insofar as Coleman attempts to sue Defendants for federal criminal law violations—specifically 18 U.S.C. § 371 and 18 U.S.C. § 242—her claims lack a legal basis and, thus, cannot support a federal cause of action. Doc. 3 at 2. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). The existence of a statutory private cause of action does not exist in the criminal statutes Coleman mentions.

Further, Coleman indicates that some Defendants are located in Texas residents, defeating subject-matter jurisdiction on the basis of diversity. Doc. 3 at 3-6; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). And because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Coleman in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

Given her filing history and the dismissal of prior related actions on jurisdictional grounds, Coleman should be warned that if she persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further actions. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For the foregoing reasons, Coleman's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Further, Coleman should be **WARNED** that if she persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from filing any further civil actions.

**SO RECOMMENDED** on July 15, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).